**Order Filed on October 18, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br>**FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Michael J. Viscount, Jr., Esquire<br>Martha B. Chovanes, Esquire<br>1301 Atlantic Avenue, Suite 400<br>Atlantic City, NJ 08401<br>(609) 348-4515/fax (609) 348-6834<br>mviscount@foxrothschild.com<br>mchovanes@foxrothschild.com<br><br>*Proposed Counsel to the Debtor and*<br>*Debtor in Possession* | |
| In re:<br><br>KLINE CONSTRUCTION CO., INC. [1] ,<br><br>                     Debtor. | Chapter 11<br><br>Case No. 19-25757<br>Judge: Honorable Jerrold N. Poslusny, Jr. |

### ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO <u>PROFESSIONAL PERSONS</u>

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED.**

**DATED: October 18, 2019**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

---

[1] The last four digits of Debtor's f

(Page 2)
Debtor: KLINE CONSTRUCTION CO., INC.
Case No. 19-25757 (JNP)
Caption of Order: ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS

THIS MATTER having been opened to the Court by Kline Construction Co., Inc., the within debtor and debtor-in-possession (the "**Debtor**"), by and through its counsel, Fox Rothschild LLP, upon motion for entry of an Administrative Order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses to professional persons retained by Order of this Court (the "**Motion**"); and it appearing that good and sufficient notice of the Motion having been provided; and the Court having considered all the motion papers, the opposition thereto, if any, and the arguments of counsel, if any; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and other good cause having been shown,

IT IS ORDERED that:

1. Except as may otherwise be provided in an Order of this Court authorizing the retention of specific professionals, all professionals retained in this case pursuant to Section 327 and, to the extent applicable, Sections 328(a) and 1103 of the Bankruptcy Code (collectively, the "**Professionals**"), may seek interim compensation, in accordance with the following procedure:

   (a)    On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation shall file with the Court and serve a monthly fee and expense statement (the "**Monthly Fee Statement**") by CM/ECF, e-mail or regular mail on: (i) the Debtor, 240 Waveland Avenue, Galloway, New Jersey, 08205 (Attn: Ronald Samarro, CRO); (ii) counsel for the Debtor, Fox Rothschild LLP, 1301

(Page 3)
Debtor: KLINE CONSTRUCTION CO., INC.
Case No. 19-25757 (JNP)
Caption of Order: ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS

---

Atlantic Avenue, Midtown Building, Suite 400, Atlantic City, New Jersey, 08401-7212 (Attn: Michael J. Viscount, Jr., Esquire); (iii) United States Trustee for the District of New Jersey (the "**UST**"), One Newark Center, Suite 2100, Newark, New Jersey, 07102 (Attn: Jeffrey M. Sponder, Esquire); (iv) counsel for the Official Committee of Unsecured Creditors (the "**Committee**"), Flaster/Greenberg LLC, 1835 Market Street, Suite 1050, Philadelphia, Pennsylvania, 19103 (Attn: William Burnett, Esquire); (v) counsel for secured creditor Magyar Bank ("**Magyar**"), McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, New Jersey, 07102 (Attn: Sheila E. Calello, Esquire); (vi) counsel for secured creditor Prestige Capital ("**Prestige**"), Rabinowitz, Lubetkin & Tully LLC, 293 Eisenhower Parkway, Suite 100, Livingston, New Jersey, 07039 (Attn: Jonathan I. Rabinowitz, Esquire); (vii) counsel for all secured creditors; and (viii) all parties filing a Notice of Appearance and request for notices pursuant to Fed. R. Bankr. P. 2002 (collectively, the "**Notice Parties**"), provided, however, that regardless of how each Monthly Fee Statement is served on other Notice Parties, the UST must receive service of all Monthly Fee Statements via regular mail.

(b)     Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Federal Rules**") and the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**") with the exception that provisions of D.N.J. LBR 2016-1(a)(8) and (a)(9) are not required.

(Page 4)
Debtor:            KLINE CONSTRUCTION CO., INC.
Case No.           19-25757 (JNP)
Caption of Order:  ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS

---

(c) All timekeepers must maintain contemporaneous time entries for each individual listed in the Monthly Fee Statement in increments of tenths ($1/10^{th}$) of an hour.

2. Each person receiving a Monthly Fee Statement shall have twenty-one (21) days after service thereof to review it and object to it (the "**Objection Deadline**").  Upon expiration of the Objection Deadline, each Professional may file and serve on the Notice Parties a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "**Actual Interim Payment**") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to any objection.

3. Any objection to a Monthly Fee Statement (the "**Objection**") shall be in writing and filed with the Court and simultaneously served on the Notice Parties on or before the Objection Deadline.  The Objection shall set forth the nature of the objection and the amount of fees and/or expenses at issue.  If the Debtor receives an objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in Paragraph 2 above.

4. If the parties to an Objection can resolve their respective dispute(s) following the service of the Objection and the party whose Monthly Fee Statement was objected to serves on all

| | |
|---|---|
| (Page 5) | |
| Debtor: | KLINE CONSTRUCTION CO., INC. |
| Case No. | 19-25757 (JNP) |
| Caption of Order: | ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS |

---

the Notice Parties a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtor, to the extent so authorized by its cash collateral or financing order(s), if applicable, shall promptly pay in accordance with Paragraph 2 above that portion of the Monthly Fee Statement which is no longer subject to an Objection.

5. If the parties are unable to resolve the Objection within twenty-one (21) days after service thereof, then the affected Professional may either (a) file a response to the Objection together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "**Incremental Amount**"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, at which time the Court will consider and dispose of the Objection, if so requested.

6. The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not.

7. The decision by any party not to object to a Monthly Fee Statement shall not be deemed or construed as a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

(Page 6)
Debtor:                KLINE CONSTRUCTION CO., INC.
Case No.               19-25757 (JNP)
Caption of Order:      ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS

---

8. Parties may file at four (4) month intervals (the "**Interim Period**") an interim fee application. The First Interim Period shall be for the period from the Petition Date to December 31, 2019. Each Professional seeking approval of its interim fee application shall file with the Court and serve on the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Fee Statements issued during such period (the "**Interim Fee Application**"). An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period, with the first Interim Period to cover the period from the commencement of the case until the end of the fourth (4th) month following the commencement of the case. The Debtor shall request that the Court schedule a hearing on the Interim Fee Applications.

(a) The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules, the Local Rules and the applicable Third Circuit law.

(b) Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under this Order until such time as the Interim Fee Application is submitted.

(Page 7)
Debtor:            KLINE CONSTRUCTION CO., INC.
Case No.           19-25757 (JNP)
Caption of Order:  ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS

---

(c)  The pendency of an Objection to a particular Monthly Fee Statement or Interim Fee Application shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(d)  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses to any Professionals.

9.  Counsel for the Committee may collect and submit to the Debtor statements of expenses (excluding, however, for professional fees), with supporting vouchers, from members of the committee he or she represents, which expenses the Debtor shall pay in accordance with the foregoing procedure for monthly compensation and reimbursement of expenses to Professionals.

10.  Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or that a manifest exigency exists.

11.  The Debtor shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to Professionals.

12.  All time periods set forth in this Order shall be determined in accordance with Fed. R. Bankr. P. 9006(a).

13.  All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

101638181.v4

(Page 8)
Debtor: KLINE CONSTRUCTION CO., INC.
Case No. 19-25757 (JNP)
Caption of Order: ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS

---

14. A true copy of this Order shall be served on the Notice Parties within seven (7) days hereof.

101638181.v4