| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1**<br><br>**FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Michael J. Viscount, Jr., Esquire<br>Martha B. Chovanes, Esquire<br>1301 Atlantic Avenue, Suite 400<br>Atlantic City, NJ 08401<br>(609) 348-4515/fax (609) 348-6834<br>mviscount@foxrothschild.com<br>mchovanes@foxrothschild.com<br><br>*Counsel to the Debtor and*<br>*Debtor in Possession* |
| In re:<br><br>KLINE CONSTRUCTION CO., INC. [1] ,<br><br>                   Debtor. |

Chapter 7

Case No. 19-25757

Judge: Honorable Jerrold N. Poslusny, Jr.

**Hearing Date:  March 5, 2020 at 2 p.m.**

# FIRST AND FINAL APPLICATION OF FOX ROTHSCHILD LLP, COUNSEL TO THE DEBTOR, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 105(A) AND 331 FOR THE PERIOD FROM AUGUST 14, 2019 THROUGH DECEMBER 23, 2019

Fox Rothschild LLP ("Fox" or "Applicant") submits this first and final fee application (the "Application") seeking allowance and final approval of the full amount of the fees and expenses requested in the within Application for professional legal services rendered in the amount of $501,969.50, together with reimbursement for actual and necessary expenses incurred

---

[1] The last four digits of Debtor's federal tax identification numbers is 3037.

in the amount of $5,049.42 for the period commencing August 14, 2019[2] through and including December 23, 2019 (the "Final Period").

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.  On August 14, 2019, after three (3) full weeks of preparatory work, the Debtor commenced a chapter 11 case in this Court by filing a voluntary petition for relief under the Bankruptcy Code.

4.  On August 29, 2019, the Debtor filed its application to retain Fox Rothschild LLP as its counsel [D.I. 54]. After weeks of litigation over objections filed by the Office of the United States Trustee, on October 22, 2019, the Court approved Fox's retention [D.I. 166], effective as of August 14, 2019. As required, a copy of the retention order is attached hereto as **Exhibit A**.

5.  On September 19, 2019, the Acting United States Trustee for the State of New Jersey formed an official committee of unsecured creditors (the "Committee"). The Notice of

---

[2] As permitted by the Order Authorizing the Employment and Retention of Fox Rothschild LLP as Bankruptcy Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date ("Fox Retention Order") [Docket No. 166], the amount sought by Fox Rothschild LLP in its First Monthly Fee Statement includes $50,862.00 (fees) and $21.65 (costs) for a total of $50,883.65 in necessary bankruptcy related pre-petition services performed and costs incurred between August 7, 2019 through August 13, 2019, the date prior to the date of filing on August 14, 2019.

Appointment of Official Committee of Unsecured Creditors was docketed on September 19, 2019 [D.I. 86].

6. The Debtor, a New Jersey corporation, continued to operate its business and properties as debtor-in-possession in accordance with Section 1107 and 1108 of the Bankruptcy Code for a period of months in an effort first to reorganize and then to affect a sale of its assets and businesses as a going concern only to finally conclude in December that the business could no longer sustain itself.

7. On December 23, 2019, the Court entered an Order [D.I. 280] converting the within case to a case under chapter 7 effective 9:00 a.m. (ET) on Monday, December 23, 2019 (the "Conversation Date"), and a chapter 7 trustee was appointed to wind down and liquidate the business.

## RELIEF REQUESTED

8. On October 25, 2019, Applicant filed its first monthly fee statement, which covered the period from August 14, 2019[3] through September 30, 2019 [D.I. 173].

9. On November 21, 2019, Applicant filed its second monthly fee statement, which covered the period from October 1, 2019 through October 30, 2019 [D.I. 217] (collectively with the first monthly fee statement, "Fee Statements").

10. Fox submits this Application pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and in accordance with this Court's

---

[3] As permitted by the Order Authorizing the Employment and Retention of Fox Rothschild LLP as Bankruptcy Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date ("Fox Retention Order") [Docket No. 166], the amount sought by Fox Rothschild LLP in its First Monthly Fee Statement includes $50,862.00 (fees) and $21.65 (costs) for a total of $50,883.65 in necessary bankruptcy related pre-petition services performed and costs incurred between August 7, 2019 through August 13, 2019, the date prior to the date of filing on August 14, 2019.

3

Administrative Order Establishing Procedures for Allowance of Payment of Interim Compensation and Reimbursement of Expenses to Professional Persons [D.I. 160].

11. Through this Application, Applicant is seeking approval of fees in the amount of $501,969.50 and expenses in the amount of $5,049.42 for entire period through the Conversion Date, for a total allowance of $507,018.92.

12. All services for which Fox requests compensation were performed for, or on behalf of, the Debtor.

13. Invoices itemizing the services rendered and expenses incurred by Applicant for the period of August 7, 2019 through and including October 31, 2019 are attached as exhibits to Applicant's previously filed Fee Statements and are incorporated herein by reference.

14. An invoice itemizing the services rendered and expenses incurred by Applicant for the period of November 1, 2019 through and including the Conversion Date is attached hereto as **Exhibit B**. The information in the previously filed invoices and the invoice attached hereto as Exhibit B (collectively, the "Invoices") is a detailed day-by-day record of services performed and of the time spent by employees of the Applicant in connection with this matter. The information on the Invoices has been extracted from the daily time records maintained by every attorney, paraprofessional and clerk of the Applicant as a routine business practice and recorded in the ordinary course of business for the purpose of billing all clients.

15. Applicant has attached to this Application the Attorney Fee Application Cover Sheet (the "Cover Sheet") as required by local rule. The Cover Sheet provides a summary of hours of each professional rendering services in the Debtor's cases during the Final Period, along with the professionals' hourly rates.

16. The Cover Sheet also contains a breakdown of services by the type of services rendered by category as required by local rules.

17. The nature of the work performed by these persons is fully detailed in the billing entries kept by each attorney and paralegal. This detailed itemization complies with Local Bankruptcy Rules in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity; all time is billed in increments of one-tenth of an hour; the time entries are presented chronologically in categories; and all meetings or hearings are individually identified. In accordance with LBR 2016-2, a summary and breakdown by project category of the services performed is set forth on the Summary Cover Sheet, Section II. Fox has only bid for fifty (50%) of the travel time during the Final Period. Every effort was made by Fox to categorize daily time entries in accordance with the correct project code. However, in some instances, services overlap between project codes. Thus, some services may appear under more than one code, although in no instance is a specific time entry recorded more than once. Time entries are edited for accuracy, to ensure no unnecessary duplication with lead counsel, to eliminate and correct errors (i.e. time charged to the wrong project code), and for clarity.

18. Applicant charged a special discounted rate for partners, not to exceed $600.00 per hour, when partner fees for this matter would ordinarily range from $590 to $700. Associates, counsel and other staff were billed at their normal hourly rates for work of this type. All time spent is reflected in the billing entries. The reasonable value of the services rendered by Applicant to the Debtor during the Final Period is $501,969.50.

19. In accordance with Local Rule 2016-2, a summary of actual and necessary expenses incurred by Applicant in the amount of $5,049.42 for the Final Period is also set forth

on the Summary Cover Sheet, Section III. Furthermore, detailed breakdowns of the expenses incurred by Applicant for the period of August 14, 2019 through and including October 31, 2019 are attached as exhibits to Applicant's previously filed Fee Statements and are incorporated herein by reference and a detailed breakdown of the expenses incurred by Applicant for the period of November 1, 2019 through and including the Conversion Date is attached hereto as part of **Exhibit C**.

20. Pursuant to this Application, Fox requests final approval of allowance of compensation for actual and necessary professional services rendered during the Final Period in the amount of $501,696.50 and for reimbursement of reasonable and necessary out-of-pocket expenses in the amount of $5,049.42.

21. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

## **BASIS FOR AWARDING FEES**

22. The Applicant recognizes that in order to establish an objective basis for determining the amount of compensation that is reasonable for attorneys' services, the Court should consider the following factors in awarding attorneys' fees:

    a.    time and labor required;

    b.    novelty and difficulty of the questions;

    c.    skill requisite to perform the legal services properly;

    d.    the customary fee;

  e. whether the fee is fixed or contingent;

  f. the amount involved and the results achieved;

  g. time and limitations imposed by client or other circumstances;

  h. the experience, reputation and ability of the attorneys;

  i. the undesirability of the case; and

  j. awards in similar cases.

*See*, In re Busy Beavers Bldg. Centers, Inc., 19 F.3d 833(3d Cir. 1994); Matter of Second Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977); Ross Pass Mines, Inc. v. Howard, 615 F.2d 1088 (5th Cir. 1980); and Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974)

  23. The Applicant provides skilled and intensive services in the bankruptcy and reorganization area, as well as in the areas of commercial litigation, general litigation, employee benefits law, environmental law, corporate law, real estate law and tax law.  Thus, the Applicant is equipped to provide and has provided the Debtor with the full range of services and expertise necessary to represent the Debtor fully.

  24. Applicant's attorneys have acted in a professional capacity in numerous out-of-court creditor/debtor workouts, and in proceedings under the various chapters of the Bankruptcy Act and the Bankruptcy Code, as attorneys for Debtor and Debtor-in-Possession, attorneys for creditors and lessors, and as attorneys for creditors' committees, receivers and trustees in bankruptcy.  The Applicant enjoys a reputation for expertise in this field and in the handling of bankruptcy and insolvency related issues.

**CONCLUSION**

25.   Applicant has attempted in this Application to be as concise as possible and not to elaborate unnecessarily on matters that were the subject of Court proceedings.

26.   Applicant's experience indicates that not all time actually devoted by its attorneys and paralegals with respect to client affairs is always entered in its time records. Occasionally, lawyers and other professionals do not record all of the time spent in legal matters. Often lawyers forget to record short conferences and miscellaneous telephone calls. For these reasons, the Court should regard the aggregate of recorded hours reported herein in the Invoices to be a conservative compilation of the time actually expended.

27.   While the services described in this Application are measured by the standards propounded by the various Bankruptcy Courts - the nature and extent of the services, the complexity and urgency of the problems presented, the time expended, the results obtained, the expertise required, the Applicant respectfully submits that the fees requested represent the fair and reasonable value for the services rendered for the period of time described herein.

28.   Applicant also seeks reimbursement of its actual out-of-pocket costs and disbursements, reasonably and necessarily incurred in the rendering of professional services, of $5,049.42, for the Final Period. The disbursements are clearly identified and itemized on the Invoices, and are within the limits allowed by the Bankruptcy Judges in this District.

29.   Applicant also notes that a client other than a Trustee or Debtor-in-Possession would have been required to pay the full amount of the Applicant's time charges on a monthly basis. Attorneys in bankruptcy practice are entitled to compensation commensurate with that received by other attorneys. Indeed, the standard for determining compensation under

Bankruptcy Code § 330 is based on, among other factors, "the cost of comparable services other than in a case under [Title 11, U.S.C.]."

30. Fox has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Fox and any other person (other than members of Fox) for the sharing of compensation to be received for the services rendered in these cases.

WHEREFORE, Fox respectfully requests that this Court enter an Order approving this Application and granting on a final basis the sum of $507,018.92 (compensation for reasonable and necessary professional services rendered to the Debtor and in the amount of $501,969.50 and reimbursement of actual and necessary costs and expenses incurred in the amount of $5,049.42) for the period August 14, 2019[4] through December 23, 2019 (the conversion date), (ii) authorizing and directing the payment to Fox of the outstanding amount of such sums, and (iii) for such other relief as the Court deems proper and just.

Dated: January 27, 2020                         FOX ROTHSCHILD LLP

                                                By: /s/ Michael J. Viscount, Jr.
                                                    Michael J. Viscount, Jr., Esq.
                                                    *Attorneys for the Debtor and Debtor in Possession*

---

[4] As permitted by the Order Authorizing the Employment and Retention of Fox Rothschild LLP as Bankruptcy Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date ("Fox Retention Order") [Docket No. 166], the amount sought by Fox Rothschild LLP in its First Monthly Fee Statement includes $50,862.00 (fees) and $21.65 (costs) for a total of $50,883.65 in necessary bankruptcy related pre-petition services performed and costs incurred between August 7, 2019 through August 13, 2019, the date prior to the date of filing on August 14, 2019.

Active\106839736.v1-1/27/20