Order Filed on July 21, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Damien Nicholas Tancredi (DT 1383)<br>Flaster/Greenberg, P.C.<br>1810 Chapel Avenue West<br>Cherry Hill, NJ 08002<br>(215) 587-5675<br>*Proposed Counsel to Douglas S. Stanger*<br>*Chapter 7 Trustee* |
| In re:<br><br>KLINE CONSTRUCTION CO., INC.,<br><br>                       Debtor. |

Chapter 7

Case No. 19-25757

Hon. Jerrold N. Poslusny, Jr.

## AMENDMENT TO
## CONSENT ORDER GOVERNING THE CHAPTER 7 TRUSTEE'S COLLECTION
## OF ACCOUNTS RECEIVABLE AND LIQUIDATION OF ASSETS

The relief set forth on the following pages, numbered two (2) through _____, is hereby ORDERED.

**DATED: July 21, 2020**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
In re: Kline Construction Co., Inc.
Case No. 19-25757 (JNP)
Amendment to Consent Order Governing the Chapter 7 Trustee's Collection of Accounts Receivable and Liquidation of Assets

THIS MATTER having been presented to the Court upon the consent of Douglas S. Stanger (the "Trustee"), Chapter 7 Trustee for the Estate of Kline Construction Co., Inc. (the "Estate"); by and through his counsel Flaster/Greenberg, P.C. (William J Burnett and Damien N. Tancredi appearing) and Magyar Bank ("Magyar Bank"), by and through its counsel, McCarter & English, LLP (Sheila Calello, appearing) to amend the Consent Order Governing The Chapter 7 Trustee's Collection Of Accounts Receivable And Liquidation Of Assets entered on January 31, 2020 [Docket No. 352] (the "Original Consent Order");

NOW, THEREFORE, THE UNDERSIGNED HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The purpose of this Amendment to the Consent Order is to make a limited change to the terms of the Capped Carve-Out. Other than as specifically provided herein, all other terms and conditions of the Original Consent Order shall be in full force and effect. All capitalized terms provided herein shall have the respective meanings ascribed thereto in the Original Consent Order.

2. This Amendment to the Consent Order only amends the Capped Carve-Out, and it does not substantively impact the other parties to the Original Consent Order. Thus, the Trustee and Magyar did not deem that Prestige Capital Corp. ("Prestige") by and through its counsel Rabinowitz, Lubetkin & Tully, LLC (Jonathan I. Rabinowitz appearing); and Selective Insurance Company of America ("Selective") by and through its counsel McElroy, Deutsch, Mulvaney & Carpenter, LLP (Gary D. Bressler appearing) need to be parties to this Amendment to the Consent Order.

3. The first sentence of Paragraph 15 of the Original Consent Order shall be amended

Page 3
In re: Kline Construction Co., Inc.
Case No. 19-25757 (JNP)
Amendment to Consent Order Governing the Chapter 7 Trustee's Collection of Accounts Receivable and Liquidation of Assets

and replaced with the following sentence (the remainder of Paragraph 15 of the Original Consent Order shall remain the same and of full force and effect):

> *Notwithstanding anything else to the contrary in this Order, the sum total of: (i) the AR Carve-Out, plus (ii) the Prestige Proceeds Carve-Out, plus (iii) the Tangible Asset Carve-Out shall not exceed $375,000, in the aggregate (the "Capped Carve-Out") without any sub-caps.*

4. This order shall be effective immediately upon its entry and there shall be no stay thereof under Fed. R. Bankr. P. 4001(a)(3) or otherwise.

The undersigned hereby consent to the form and entry of this Amendment to Consent Order:

DOUGLAS S. STANGER
Chapter 7 Trustee,
Individually and on behalf of the Debtor's estate

By: _____

Dated: 7/17/20

SHEILA CALELLO
McCarter & English, LLP
Counsel to Magyar Bank

By: _____

Dated: 7/1/2020